UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA/ SEATTLE

JESSE B.,

                Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:24-cv-05419-TLF

ORDER REVERSING IN PART AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Dkt. 1, 4, Complaint. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

      Plaintiff filed their application on July 28, 2020 and benefits were denied initially and on reconsideration. AR 151-157, 161-164. After plaintiff appealed (AR 165-167), Administrative Law Judge (ALJ) Allen Erickson held two hearings. AR 52-59 (plaintiff was unrepresented at the first hearing, held on 1-27-2022); AR 60-104 (during the second hearing, held 5-11-2023, plaintiff was represented by counsel). The ALJ found plaintiff was not disabled, in a decision issued August 23, 2023. AR 20-51. The Appeals Council declined review on April 10, 2024. AR 1-7.

     The ALJ determined the date of onset was July 28, 2020, the date plaintiff applied for benefits. AR 24, 67. At step two, the ALJ found that plaintiff had the following severe impairments: "lumbar spine degenerative disc disease and degenerative joint disease; Bertolotti's syndrome; major depressive disorder; generalized anxiety disorder; panic disorder with agoraphobia; and post-traumatic stress disorder (PTSD)". AR 26.

     As to plaintiff's residual functional capacity (RFC), the ALJ found plaintiff could "perform sedentary work. . . except . . never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. He can occasionally operate foot controls bilaterally. He can have occasional exposure to vibration and extreme cold temperatures. He can understand, remember, and apply detailed instructions, but not complex instructions. He can perform predictable tasks. He can work in an environment that is not a fast paced, production type environment. He can have exposure to occasional workplace changes. He can have no interaction with the general public. He can have occasional interaction with coworkers and supervisors with no team oriented activities." AR 29.

     The ALJ determined at step four that plaintiff did not have relevant past work, and at step five the ALJ decided plaintiff could perform work in the future, in the following representative occupations: Table Bench Worker, Wafer Breaker, Semiconductor, and Taper. AR 44.

//

//

//

//

**DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

**1. Medical evidence.**

Plaintiff argues the ALJ harmfully erred by discounting the opinions of Certified Physician's Assistant (PA-C) Omar Gonzalez, Dr. Kimberly Wheeler, Ph.D., and Dr. Terrilee Wingate, Ph.D.. Dkt. 12, Plaintiff's Opening Brief, at 4-7, 8-15. Plaintiff filed the claim on July 28, 2020, so the ALJ applied the 2017 regulations.

Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

In *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022), the Court held that under the 2017 regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).

*Id.*

    a.  PA-C Gonzalez

PA-C Gonzalez examined Plaintiff on January 30, 2021, and diagnosed the conditions of: Brugada Syndrome; left hand arthralgia, and low back pain/lumbago with pain in the right leg; differential diagnosis of degenerative disc disease versus L45 dynamic retrolisthesis with S1 radiculopathy. AR 993-1003. These limitations found by PA-C Gonzalez are identified by plaintiff as being erroneously discounted by the ALJ:

- Plaintiff would be limited to a cumulative six hours in an eight-hour workday, with normal breaks, and would likely be to sit for 50-60 minutes at a time. PA-C Gonzalez stated that plaintiff's "[o]verall function is Fair to good; Based on the following medical/physical diagnoses: Physical examination, Lumbar pathology. .." AR 1001.
- Plaintiff would be limited to standing or walking for a total of two hours and would likely be able to stand or walk for 10-15 minutes at a time. PA-C Gonzalez also described Plaintiff's ability as "[o]verall function is Poor; Based on the following medical/physical diagnoses: Chronic back pain: DDD vs. lumbar retrolisthesis." AR 1001.

4

1       The defendant argues that even if the ALJ did not address these specific aspects of PA-C Gonzalez' opinions, there is no error. The defendant relies on 20 C.F.R. 416.920c(b)–(c) and asks this Court to interpret the regulation to mean that the ALJ need not address these specific opined limitations about sitting and standing or walking, in Dr. Gonzalez' medical opinion. Dkt. 15, Defendant's Brief, at 5-6.

      Plaintiff replies that if the ALJ's hypothetical does not include each relevant limitation that has not specifically been excluded, then the V.E. would not have a sufficient basis in evidence on which to give testimony about which jobs the plaintiff could perform in the national economy. Dkt. 16, Reply Brief, at 3.

      An error inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id.* at 1052, 1054; *see also, Carmickle v. Comm'r. Spc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

      In this case, the ALJ committed harmful error. In evaluating the opinion of PA-C Gonzalez, the ALJ did not mention any reason for discounting PA-C Gonzalez' opinions about plaintiff's limitations for sitting or the limitations for standing or walking. AR 32, 40-41. The only limitations the ALJ disagreed with from PA-C Gonzalez assessment were (1) the environmental limitations that the ALJ discounted because of lack of respiratory impairment and asymptomatic heart condition; and (2) the opinion about the inability to drive a motor vehicle. AR 41.

The opined limitations about sitting, and standing or walking, if they had been included in the RFC, would preclude plaintiff from all forms of sedentary employment because sedentary employment includes the ability to sit for at least two hours at a time. SSR 96-9p. The ALJ did not specifically reject PA-C Gonzalez assessments of these limitations and did not give any reasons to exclude these limitations.

Either the ALJ should have discussed the limitations in the decision and given reasons for excluding them, or the hypothetical to the V.E. should have included these limitations. *See Leach v. Kijakazi,* 70 F.4th 1251, 1255, 1257-1258 (9th Cir. 2023) (hypothetical did not accurately reflect plaintiff's limitations, and therefore the V.E.'s testimony was unsupported and had no evidentiary value at step five, and the RFC was erroneous). Under Social Security Ruling 96-8p, if an ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." At step five, the burden is on the Commissioner to show that the plaintiff can perform particular jobs available in the national or regional economy.

If the relevant limitations from a medical opinion are omitted but the omission is not explained, and these limitations are not included in the RFC, the Commissioner's step five burden of proof is not satisfied. *See, Leech* at 1255-1258. Because the ALJ omitted from the hypothetical to the V.E. (AR 93-97), and from the RFC, the sitting limitation and the standing or walking limitation opined by PA-C Gonzalez' without any "meaningful explanation . . . this court [has] nothing with which to assess its legitimacy." *Robbins v. Social Sec. Admin.,* 466 F.3d 880, 884 (9th Cir. 2006).

  b. Dr. Wheeler and Dr. Wingate

  Dr. Wheeler examined plaintiff and wrote a report on May 18, 2023. AR 1369-1372. The ALJ found Dr. Wheeler's assessment to be unpersuasive. AR 42-43. The reasons given by the ALJ, and alleged as error by plaintiff, are:

- Dr. Wheeler's opinion went against plaintiff's performance during the evaluation and with treatment records that showed improvement with treatment and that he was alert and oriented with intact thought processes. AR 42.
- Dr. Wheeler's opinion varied from plaintiff's activities of daily living because he could manage self-care and was able to go out alone. The ALJ also noted that plaintiff did not have problems getting along with others, and he enjoyed hobbies such as videogames, reading, and watching YouTube. AR 43.

  Dr. Wingate evaluated plaintiff on April 22, 2020, and on April 4, 2022. AR 1017-1021, 1030-1035.

  The ALJ found Dr. Wingate's 2020 and 2022 assessments to be unpersuasive for the same reasons given for finding Dr. Wheeler's opinions unpersuasive. AR 39-40.

  The ALJ's decision about Dr. Wingate's assessments and Dr. Wheeler's assessment, is supported by substantial evidence regarding these opinions being inconsistent with treatment records showing improvement with treatment. The record shows plaintiff's mental health conditions improved with treatment; treatment notes indicate the plaintiff's symptoms were controlled and in remission after mental health care providers prescribed different medications and plaintiff participated in counseling. AR 566-575 (anxiety attacks in June, 2020), AR 982-991 (anxiety attacks in January, 2021), AR 1042-1102, 1238-1272 (treatment notes from mid-2021 through February

2023 indicating steady improvement with occasional downturns in progress). There is "a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022); *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### 2. Plaintiff's statements about symptoms and limitations

Plaintiff contends the ALJ erred by discounting plaintiff's claims based on the level of plaintiff's daily activities being inconsistent with his testimony. Plaintiff also argues the ALJ erred because there was not substantial evidence to support the finding that plaintiff's testimony about physical and mental health symptoms and limitations was inconsistent with the medical record, based on improvement in the symptoms and conservative treatment. Dkt. 12, Opening Brief, at 15-16.

Plaintiff testified that he went to several doctors and none could ascertain the particular problem that was causing back pain. AR 73-74. The level of pain he testified to as "a solid 7 1/2 , 8 and sometimes increases to 10 if he exceeds his limits on activity [on a 10-point scale]". AR 73. He stated that he tried physical therapy but they did not want to treat him further until a firm diagnosis was possible, so the physical therapy clinic turned him away after one or two sessions. AR 73-74. He had lumbar injections. AR 74-75. He went to a pain clinic and was given a nerve ablation. Doctors told him fusion surgery was an option, but they also said it was unlikely to relieve the pain. AR 87-88. He went to the emergency room for back pain several times, but eventually gave

up on that strategy because his back pain was not properly managed and he became agoraphobic. AR 72, 75. Nothing was helping to resolve or lessen his pain. AR 76.

At the time of the hearing, plaintiff was taking gabapentin for pain; he stated it caused side effects, and caused him to have slowed speech. AR 84. Plaintiff stated that he only went out of the house a few times since 2016 to the grocery store. AR 85-86. He testified that he did not drive, he had trouble handling activities when his significant other was away at work, such as preparing meals, showering, and getting dressed when he was home alone and would stay in bed most of the day; his significant other did everything for him, and she worked from home three days per week. AR 81, 84-85, 90.

As for mental health symptoms and limitations, plaintiff stated that he saw a therapist once each week, and a psychiatrist every two weeks. AR 77. Plaintiff characterized the efficacy of treatment as "mixed results". AR 78. He was taking anxiety medication, but for depression the drugs were being paid for out-of-pocket, and he could not always afford to buy that medication. *Id.* He stated there were good days, and bad days; on a bad day he would have nightmares and flashbacks, and he does not leave the house because of agoraphobia. AR 78.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)).  In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's

testimony about the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

"Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

An ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

In this case, the ALJ's decision about plaintiff's credibility concerning physical symptoms and limitations is not supported by substantial evidence. The opinion evidence of PA-C Gonzalez was not discussed by the ALJ in the decision, and the Court has held this to be harmful error. When this medical evidence is properly assessed by the ALJ, the review of PA-C Gonzalez' opinions may affect the ALJ's evaluation of plaintiff's statements.

The record shows plaintiff's physicians found medical evidence of severe back pain. AR 1107-1167 (bony abnormality, Bertolotti's syndrome, chronic low back pain,

surgery only recommended as a last resort). This medical evidence fully supports plaintiff's statements about symptoms and limitations. The ALJ did not note any daily activities that would suggest plaintiff's back pain was less severe than reported. Daily activities such as taking care of minimal household chores, playing videogames, reading, and watching YouTube, are not inconsistent with plaintiff's reports of debilitating back pain.

As for mental health symptoms and limitations, the ALJ's assessment of plaintiff's statements was supported by substantial evidence. The record shows Plaintiff's mental health symptoms improved with treatment, and treatment notes indicate the symptoms were controlled and in remission after mental health care providers tried different medications. Plaintiff's statements confirmed he experienced "mixed results". The ALJ is therefore not required to re-evaluate plaintiff's statements about symptoms and limitations related to plaintiff's mental health conditions, on remand.

### 3. Plaintiff's Job Numbers Evidence

Next, Plaintiff asserts that evidence submitted to the ALJ after the hearing, concerning the number of jobs that plaintiff could perform, requires reversal.

The testimony of a vocational expert is considered "inherently reliable" and would be "ordinarily sufficient by itself to support an ALJ's step-five finding." *Ford v. Saul,* 950 F.3d 1141, 1160 (9th Cir. 2020). The substantial evidence test, as applied to the ALJ's review of evidence presented by a V.E., "must proceed on a 'case-by-case' basis, taking 'into account all features of vocational expert's testimony, as well as the rest of the administrative record.'" *White v. Kijakazi,* 44 F.4th 828, 837 (9th Cir. 2022), quoting *Biestek v. Berryhill,* 587 U.S. 97, 108 (2019).

Evidence presented by a V.E. is inherently reliable but not incontestable. *Buck v. Berryhill,* 869 F.3d 1040, 1051 (9th Cir. 2017). If plaintiff's counsel presents competing estimates of available jobs, and the estimates are different from the V.E.'s estimates based on uninterpreted raw data or a different methodology, this would not constitute significant probative evidence and no remand would be necessary. *See Wischmann v. Kijakazi,* 68 F.4th 498, 506-508 (9th Cir. 2023); *Kilpatrick v. Kijakazi,* 35 F.4th 1187, 1193-1195 (9th Cir. 2022).

The burden of proof is on the Social Security Administration in step five of the five-step review process, to show the claimant can perform other jobs in the national economy that exist in significant numbers. *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002). In doing so, the Commissioner has relied on testimony from a V.E. and the Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1520(a)(4)(v), §404.1560, §404.1566(e). SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000). An ALJ may take administrative notice of any reliable job information. *See Bayliss v. Barnhart,* 427 F.3d 1211, 1218 (9th Cir. 2005).

During the administrative hearing, AR 95, the V.E. opined that based on the ALJ's second hypothetical, representative sedentary jobs would be:

Table bench worker, DOT 739.687-182. Unskilled, SVP of 2. Job numbers nationally are 27,400. But the V.E. applied a 50% reduction "because in my experience with this position, there'd be a number of employers – number of these potions (sic) that would not be suitable because of the teamwork." The V.E. estimated 14,000.

Other examples of sedentary occupations, according to V.E. (AR 95-96):

12

Wafer breaker in the semiconductor industry, DOT 726.87-046. Unskilled, SVP of 2. Job numbers 22,300. Reduction "based on number of times that position would be performed with multiple employers". This would be 25% reduction so 22,300 reduced by 25%. And the third representative example was taper, working with circuit layout boards. The V.E. stated this would be DOT 017.684-010. unskilled, SVP of 2; job number 10,600. The V.E. applied a 25 % reduction in number, "based on the number of times I've evaluated this position, with multiple employers".

Plaintiff presented (AR 496, 505-510) the following to the ALJ on May 12, 2023 in a post-hearing brief: 956 jobs for table bench worker, 780 jobs for wafer breaker, and 108 jobs for taper. These numbers do not take into account the discounting the V.E. applied, of 50% for the numbers concerning table bench worker, and 25% for the jobs of wafer breaker and taper.

The ALJ's decision did not mention the plaintiff's post-hearing evidence. AR 43-45. The Court is ordering a remand hearing for purposes of re-evaluating evidence relating to plaintiff's physical impairments. On remand, the ALJ is directed to consider the post-hearing evidence of the number of jobs available in occupations that may be identified by the Vocational Expert, because it may have a material bearing on whether plaintiff would, at step five, be able to perform any of the jobs identified by the Vocational Expert on remand.

Based on a review of the record, the Court concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a de novo hearing on the issues relating to plaintiff's physical symptoms; but

no additional proceedings are required on the issues relating to plaintiff's mental health symptoms.

## CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, as discussed above, the ALJ's decision is affirmed in part, and reversed and remanded in part for further administrative proceedings.

Dated this 24th day of February, 2025.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge